IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Aquilla L. Mizelle fka Aquilla L Brewer<br>　　　　　　Debtor | CHAPTER 13 |
| Pinta, LLC for benefit of Wachovia Capital Markets, LLC<br>　　　　　　Secured Creditor<br>vs. | NO. 19-17530 MDC |
| Aquilla L. Mizelle fka Aquilla L Brewer<br>　　　　　　Debtor<br>William C. Miller, Esquire<br>　　　　　　Trustee | 11 U.S.C. Section 362 |

## **STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The Debtor will remain current with post-petition payments.

2. By August 2, 2020, the Debtor will either:

a. Complete a sale of the property located at 3439 N. 16th Street, Philadelphia, Pennsylvania, 19140 and proceeds from that sale will pay Secured Creditor's claim in full, plus any accrued post-petition fees and costs, subject to a current payoff figure, or

b. Complete a final loan modification with Secured Creditor that cures any pre-petition arrears.

3. In the event the post-payments under Section 1 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

4. In the event that either the proposed sale of the property or the proposed loan modification under Section 2 above are not completed pursuant to the terms of this stipulation, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

8. The parties agree that a facsimile signature shall be considered an original signature.

Date: February 18, 2020

By: /s/ Rebecca A.Solarz, Esquire
Attorney for Movant

Date: 2/19/20

Mitchell Lee Chambers, Jr., Esquire
Attorney for Debtor

Date: 2/27/20

William C. Miller, Esquire
Chapter 13 Trustee

**NO OBJECTION**

Approved by the Court this _____ day of _____,2020. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Magdeline D. Coleman